UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )    CR. No. 03-037 S
                                    )
MICHAEL STANFIELD.                  )
_____ )

**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**

WILLIAM E. SMITH, United States District Judge.

Defendant Michael Stanfield, acting <u>pro se</u>, has filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), amendments to the United States Sentencing Guidelines, and U.S.S.G. § 1B1.10 ("Def.'s Mem." ECF No. 56). A review of the record indicates that Stanfield is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) because he was sentenced as a career offender, not pursuant to any guideline which has subsequently been reduced. <u>See</u> 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1.

I.  Background

On August 14, 2003, Stanfield pled guilty to a two-count indictment charging him with distribution of 58.8 grams of cocaine base and possession with intent to distribute 120.68 grams of cocaine base. He was sentenced on February 6, 2004, to

262 months imprisonment on each count, to be served concurrently.

Stanfield filed a notice of appeal on February 25, 2004. The Court of Appeals for the First Circuit affirmed Stanfield's conviction, but vacated his sentence and remanded the case for resentencing in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). On September 16, 2005, Stanfield was re-sentenced to a term of 210 months imprisonment on each count, again to be served concurrently. Stanfield now seeks a reduction in that sentence.

II. Discussion

"[A] sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Diaz, CR No. 99-091-ML, 2011 WL 2551734, at *2 (D.R.I. June 27, 2011) (quoting United States v. Caraballo, 552 F.3d 6, 11 (1st Cir. 2008)); see also 18 U.S.C. § 3582(c)(2); United States v. Roa-Medina, 607 F.3d 255, 258 (1st Cir. 2010) (noting that defendant must meet threshold eligibility requirement under § 3582(c)(2), namely that he must have been sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission, and that proposed reduction must

2

be consistent with applicable policy statements issued by the Sentencing Commission). The applicable policy statement is § 1B1.10.[1] The issue in this case is whether Stanfield was

---

[1] Section 1B1.10 states in part:

(a) Authority.—

    (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

    (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A) None of the amendments listed in subsection (c) is applicable to the defendant; or

        (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

sentenced under a sentencing range which has subsequently been lowered, the crack cocaine guideline range, or one that has not, the career offender range. See United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010) ("If a defendant not designated a career offender was sentenced under the crack cocaine guidelines before the guideline reduction, he may seek resentencing; if sentenced as a career offender for the same offense, he may not as his sentence was not based on the crack cocaine guidelines.").

Stanfield makes several arguments in support of his motion, none of which is persuasive. He primarily contends that he is eligible for a reduction in his sentence because he was

---

U.S.S.G. § 1B1.10(a). Section 1B1.10(b)(1) addresses determination of a reduction in a term of imprisonment:

> (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

sentenced "based on" U.S.S.G. § 2D1.1, which has subsequently been lowered. (Def.'s Mem. 1; Def.'s Reply Mem. in Further Supp. of Mot. for Reduction in Sentence ("Reply Mem.") 2, ECF No. 59.) Alternatively, Stanfield contends that if his sentence was based in part on U.S.S.G. § 2D1.1 and in part on §4B1.1, he is still eligible for a reduction. (Def.'s Mem. 7; Reply Mem. 2, 3.) He is mistaken.

Stanfield is not eligible for a reduction because he was not sentenced "based on" a sentencing range which has subsequently been lowered by the Sentencing Commission. On the contrary, as noted by the Government, "the Defendant was (and is) a career offender." (Gov't's Resp. to Def.'s Mot. for Reduction of Sentence ("Gov't Resp.") 5, ECF No. 57.) The starting point for the calculation of the offense level for a career offender is the offense level contained in U.S.S.G. § 4B1.1.

> Except as provided in subsection (c),[2] if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

---

[2] The exceptions listed in subsection (c) do not apply to Stanfield.

U.S.S.G. § 4B1.1(b); see also Roa-Medina, 607 F.3d at 259 ("At the initial sentencing, the district court must calculate the applicable guidelines range before it may depart from that range."); Diaz, 2011 WL 2551734, at *2 (noting that where career offender guideline offense level is greater than that for underlying offense(s), sentencing court must use career offender guideline (citing Caraballo, 552 F.3d at 9-10)). Accordingly, Stanfield's applicable guideline range at the time he was sentenced was the career offender range, which yields a guideline range of 262-327 months imprisonment. That range has not been lowered by an amendment to the U. S. Sentencing Guidelines.

Stanfield asserts that the Supreme Court's decision in Booker "abolished the mandatory application of the sentencing guidelines in all contexts." (Def.'s Mem. 5.) However, Stanfield's argument that the Booker decision rendered the Sentencing Commission's policy statements advisory is negated by the Supreme Court's subsequent decision in Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 2687 (2010) (holding that Booker did not render policy statements advisory). Accordingly, § 3582(c)(2)'s provision that a sentence reduction be "consistent with applicable policy statements issued by the

6

Sentencing Commission," 18 U.S.C. § 3582(c)(2), requires this Court to follow § 1B1.10.[3]

According to the Plea Agreement, Stanfield understood that the Government would take the position that he was a career offender. (Plea Agreement ¶ 4.) The Presentence Investigation Report ("PSR") calculated Stanfield's guideline range as a career offender. (Def.'s Mem. 1; PSR ¶ 21.) At the February 6, 2004, sentencing hearing, there were no objections to the PSR, (Sentencing Tr. ("Sent. Tr.") 2, Feb. 6, 2004), and the sentencing judge[4] found that the Probation Officer had correctly calculated Stanfield's net offense level because he was a career offender, (id. at 3). Although Chief Judge Torres believed the corresponding sentencing range to be unduly harsh in the

---

[3] [A] reduction in the defendant's term of imprisonment is not authorized under 18 § U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but **the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision** (e.g., a statutory mandatory minimum term of imprisonment.)

U.S.S.G. § 1B1.10 cmt. n.1(A) (italics omitted) (bold added). The other guideline provision in this case is the career offender guideline provision.

[4] The sentencing judge was then-Chief United States District Judge Ernest C. Torres, who has since retired. The case was assigned to this District Judge on March 27, 2012.

7

circumstances of this case, (Sent. Tr. 24, 28, 32; Resentencing Tr. ("Resent. Tr.") 2, 3, Sept. 16, 2005), he also recognized Stanfield's status as a career offender, (Sent. Tr. 3, 25; Re-Sent. Tr. 3, 5). That status had not changed between the February 6, 2004, sentencing hearing and the September 16, 2005, resentencing,[5] nor has it changed now.

Finally, Stanfield urges the Court to consider that "[w]hile incarcerated, Mr. Stanfield has tried to better his self [sic]." (Def.'s Mem. at 3.) While such efforts are commendable, this Court is bound by the Supreme Court's decision in Dillon. Under Dillon's two-step inquiry under § 3582(c)(2), a court must first determine that a reduction in sentence is consistent with applicable policy statements issued by the Sentencing Commission. Dillon, 130 S. Ct. at 2691. Only after step one is satisfied does the court consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a). Id. at 2692. Because Stanfield's argument that he has tried to better himself falls under the aegis of § 3553(a), and Stanfield has not met

---

[5] Judge Torres stated that "the starting point here, the Court previously determined what the guideline range was here. It calculated Mr. Stanfield's net offense level as level 34, his criminal history as category 6 . . ., and the guideline range was 262 to 327 months. So that is established." (Re-Sentencing Tr. ("Re-Sent. Tr.") 2, Sept. 16, 2005.)

the threshold requirement that a reduction in his sentence be consistent with applicable policy statements, the Court does not reach the § 3553(a) factors.

Despite Judge Torres' downward variance at resentencing, Stanfield's sentence was based on a range derived from the career offender guideline range. <u>United States v. Ayala-Pizarro</u>, 551 F.3d 84, 85 (1st Cir. 2008). Thus, the amendments to the U.S. Sentencing Guidelines did not lower Stanfield's applicable sentencing range, <u>Caraballo</u>, 552 F.3d at 11, and he is, therefore, ineligible for a reduction in sentence pursuant to § 3582(c).

III. Conclusion

For these reasons, and for the reasons stated in the Government's memorandum, Stanfield's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: October 21, 2013